Confessions were found by the Supreme Court of the United States, from its independent examination of the facts of each, to have been procured in violation of due process in the following cases where convictions had been obtained in state courts for state crimes, viz.: Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224; Malinski v. People of State of N. Y., 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Ashcraft v. State of Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192; Ward v. State of Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663; Lomax v. State of Texas, 313 U.S. 544, 61 S.Ct. 956, 85 L.Ed. 1511; Vernon v. State of Alabama, 313 U.S. 547, 61 S.Ct. 1092, 85 L.Ed. 1513; White v. State of Texas, 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342; Canty v. State of Alabama, 309 U.S. 629, 60 S.Ct. 612, 84 L.Ed. 988; White v. State of Texas, 309 U.S. 631, 60 S.Ct. 706, 84 L.Ed. 989; Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.E. 716; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Ashcraft v. State of Tennessee, 327 U.S. 274, 66 S.Ct. 544, 90 L.Ed. 667; Watts v. State of Indiana, 338 U.S. 49, 69 S.Ct. 1347, 1357, 93 L.Ed. 1801; Turner v. Commonwealth of Pennsylvania, 338 U.S. 62, 69 S.Ct. 1352, 1357, 93 L.Ed. 1810; Harris v. State of South Carolina, 338 U.S. 68, 69 S.Ct. 1354, 1357, 93 L.Ed. 1815.

It would unduly prolong this opinion, and no useful purpose would be served, to analyze the facts upon which the conclusion in each of the cited cases rested. It is sufficient to here say that we have reached the conclusion that the instant confession was obtained under circumstances such as to constitute its use in evidence a denial of due process, under the decisions of the Supreme Court of the United States. Having so concluded, it is our duty to follow what we understand to be the mandate of that court.

This conclusion renders unnecessary a determination by us of the question of the admissibility of the confession because of the failure of the officers to carry appellant before a magistrate. That question is not decided.

The confession of appellant being inadmissible, the judgment is reversed and the cause remanded.

Opinion approved by the court.

### Ex parte POWERS.
No. 24932.

Court of Criminal Appeals of Texas.
June 21, 1950.

Stanley C. Kirk, Wichita Falls, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

If this case be treated as an appeal from the order of the judge of the district court of Wichita County remanding relator upon writ of habeas corpus, this court is without jurisdiction because no notice of appeal

422

was made and entered, as required by law.

For the same reason, the case cannot be here treated as an appeal from the judgment of said court correcting and reforming nunc pro tunc the former judgment against appellant..

The appeal is dismissed.

Opinion approved by the court.